IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEE ROY ROMERO,

    Plaintiff,

v.       Civ. No. 07-1093 MV/RHS

OFFICER ERIC SCHUM,
an Officer Employed by the
New Mexico State Police,
Individually,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion *in limine* Regarding the Dismissal of Criminal Complaint (Doc. No. 58, filed April 16, 2009). For the reasons stated below, the Court will **GRANT** the Motion.

**Background**

Defendant, a patrolman with the New Mexico State Police, went to Plaintiff's home to question Plaintiff regarding a runaway juvenile. (PreTrial Order at 4, Doc. No. 41, filed January 5, 2009). Defendant requested Plaintiff's name, date of birth and social security number. (*Id.*). Plaintiff provided a date of birth but refused to provide his social security number. (*Id.*). Defendant drove away from Plaintiff's home and requested dispatch to run Plaintiff's information. (*Id.*). Dispatch notified Defendant that there was "no record on file" for Plaintiff with that particular birth date. (*Id.*). Defendant returned to Plaintiff's residence and arrested Plaintiff for concealing his identity. (*Id.*). The criminal charge against Plaintiff of concealing identity was dismissed. (Motion at 1).

One of Plaintiff's exhibits is the Dismissal of Criminal Complaint. (Doc. No. 51, filed April 6, 2009). Defendant moves the Court to exclude the evidence of Plaintiff's dismissal or any reference to the dismissal of the criminal charge. (Motion at 1). Plaintiff did not file a response in opposition to the Motion.

Defendant argues that (1) evidence of dismissal of the criminal complaint against Plaintiff is not necessary to the establishment of any of Plaintiff's claims, and (2) such evidence does not establish a lack of probable cause. *See Bochove v. Village of Corrales*, 2006 WL 1531094 *5 (10th Cir.) (in case where plaintiffs alleged police officers violated their civil rights by entering their home without a warrant or probable cause, district court did not abuse its discretion when it excluded evidence that charges for which plaintiffs were arrested were eventually dismissed); *Bochove v. Village of Corrales*, Civ. No. 03-219 MCA/RLP, Mem. Op. And Order at 3-6, Doc. No. 46, filed July 20, 2004) (noting that evidence of dismissal would improperly shift jury's focus from an evaluation of the reasonableness of the arresting officers' action, as judged by them at the scene, to the grand jury's 20/20 vision of hindsight).

The dismissal of the criminal complaint against Plaintiff is not probative of Plaintiff's claims that Defendant violated Plaintiff's civil rights when Defendant allegedly illegally entered Plaintiff's home to make a warrantless arrest. *See* FED. R. EVID. 403 ("evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury"). Plaintiff does not oppose Defendant's Motion to exclude evidence of the dismissal of the criminal complaint against Plaintiff.

Finally, at the telephonic hearing held on May 21, 2009, Plaintiff's counsel indicated that they do not intend to use the dismissal of the criminal complaint against Plaintiff as an exhibit. The

Court will grant the motion.

**IT IS SO ORDERED.**

Dated this 29th day of May, 2009.

_____
**MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff:*

Joe M. Romero , Jr.
1905 Lomas Blvd. NW
Albuquerque, NM 87104

Sharon B Hawk
820 5th Street, NW
Albuquerque , NM 87102

*Attorneys for Defendant:*

Christina L Brennan
James P Sullivan
Brennan & Sullivan, P.A.
128 East DeVargas
Santa Fe , NM 87501