# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LEE ROY ROMERO,

      Plaintiff,

v.                                                                                                                   Civ. No. 07-1093 MV/RHS

OFFICER ERIC SCHUM,
an Officer Employed by the
New Mexico State Police,
Individually,

      Defendant.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on Plaintiff's Motion *in limine* No. 1 - Prior Bad Acts of Plaintiff and Prior Alcohol Use (Doc. No. 60, filed April 21, 2009). For the reasons stated below, the Motion will be **GRANTED in part** and **DENIED in part.**

      Plaintiff "requests the Defendant be prohibited by court order from disclosing to the jury, directly or indirectly, any evidence, argument, opinion, or other testimony regarding Plaintiff's crimes, wrongs or bad acts including arrests, charges and/or convictions related to cause number [sic] any arrest or charge of driving while intoxicated, any other cause number and any circumstance and/or any drug or alcohol usage." (Motion at 1). Plaintiff argues that his prior bad acts and prior alcohol use are not relevant to his civil rights claim and that, even if they were admissible, they should be excluded because they would be more prejudicial than probative, waste time and confuse the jury. (Motion at 2-3). Plaintiff also contends that he has not put his character at issue by virtue of his complaint, and any character evidence should be excluded. (Motion at 3). Plaintiff quotes the Advisory Committee Notes for Fed. R. Evid. 404 (1972 Proposed Rules):

> Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

Defendant states he will not mention Plaintiff's alcohol consumption, drug use or criminal history during *voir dire* or opening statement but argues that he should not be foreclosed from presenting such evidence if it becomes relevant substantially or for impeachment purposes. (Response at 1, Doc. No. 63, filed May 1, 2009). Defendant does not cite a single legal authority in his Response to support his arguments.

Defendant contends that Plaintiff's alcohol abuse and drug use is relevant because it may implicate Plaintiff's ability to testify accurately as to the events of the incident. (Response at 2). Defendant states he will testify that Plaintiff appeared to be under the influence of alcohol at the time of the arrest as reflected in Plaintiff's booking report. Defendant also contends that medical records indicate that Plaintiff had been taking prescribed narcotics for several years and those may affect his ability to clearly recall and testify about the incident.

Defendant may testify that Plaintiff appeared to be under the influence of alcohol at the time of the arrest, which may have affected his ability to accurately recall the events during the arrest:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FED. R. EVID. 701; Advisory Committee Notes (2000 Amendments) (testimony by layperson permitted where not based on specialized knowledge within the scope of Rule 702, but rather is

2

based upon a layperson's personal knowledge).  Defendant shall not present any evidence regarding Plaintiff's alcohol or drug history based on Plaintiff's medical records.  Such evidence does not appear to be the result of Defendant's particularized knowledge that he has by virtue of his position as a police officer.  Rather, evidence of Plaintiff's alcohol and drug history and its effect on his memory appears to be within the realm of an expert.  *See* FED. R. EVID. 702.  Defendant has not listed an expert to testify regarding the effect of alcohol and drug history on memory.  (*See* Defendant's Proposed Consolidated Witness List, Doc. No. 65, filed May 15, 2009).

Defendant argues that Plaintiff's past criminal history is relevant because it implicates his pre-existing medical conditions.  (Motion at 2).  Plaintiff is seeking damages for psychological and emotional distress in his unlawful entry claim.  (Complaint ¶¶ 25-31, Doc. No. 1-2, filed October 30, 2007).  Defendant states that Plaintiff testified in his deposition that he developed anxiety and fear of State Police officers after an arrest in 1996.  Defendant may present Plaintiff's deposition testimony regarding his anxiety and fear of State Police officers resulting from an arrest in 1996.

Defendant also states that Plaintiff's interactions and arrests by law enforcement officers over his lifetime are "unambiguously correlated to his emotional distress claims as a result of the alleged unlawful entry."  (Response at 2).  However, Defendant does not explain why Plaintiff's past criminal history "unambiguously correlates" to his emotional distress claim.  The Court finds that the probative value, if any, of Plaintiff's past criminal history, which includes "confrontations with a City police officer after a DWI arrest," is substantially outweighed by the danger of unfair prejudice.

If Plaintiff's alcohol, drug or past criminal histories become relevant during the trial, counsel shall notify the Court outside the presence of the jury.

**IT IS SO ORDERED.**

Dated this 29th day of May, 2009.

_____
**MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff:*

Joe M. Romero , Jr.
1905 Lomas Blvd. NW
Albuquerque, NM 87104

Sharon B Hawk
820 5th Street, NW
Albuquerque , NM 87102

*Attorneys for Defendant:*

Christina L Brennan
James P Sullivan
Brennan & Sullivan, P.A.
128 East DeVargas
Santa Fe , NM 87501