IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEE ROY ROMERO,

    Plaintiff,

v.                                                             Civ. No. 07-1093 MV/RHS

OFFICER ERIC SCHUM,
an Officer Employed by the
New Mexico State Police,
Individually,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the telephonic hearing held on May 21, 2009. For the reasons stated below, the Court concludes Defendant is entitled to qualified immunity on Plaintiff's excessive force claim.

**Background**

The Court entered its Memorandum Opinion and Order (Doc. No. 48, filed March 31, 2009) ruling on Motions for Summary Judgment filed by the Plaintiff (Doc. No. 31, filed September 30, 2008) and by the Defendant (Doc. No. 30, filed September 30, 2008). During the May 21, 2009, telephonic hearing, counsel indicated they had not agreed on some jury instructions because it was not clear from the Court's Order whether Plaintiff's excessive force claim survived the motions for summary judgment. This Memorandum Opinion and Order addresses the excessive force issue.

**Plaintiff's Motion for Summary Judgment**

In a one paragraph argument, Plaintiff contends that "since Defendant Schum lacked probable cause to arrest Plaintiff, any use of force on [Plaintiff] Romero constituted an illegal

battery." (Plaintiff's Motion for Summary Judgment at 7, Doc. No. 31, filed September 30, 2008). The Court has ruled that Defendant had probable cause to arrest Plaintiff for concealing his identity. (Mem. Op. and Order at 7, Doc. No. 48, filed March 31, 2009).

Plaintiff's Motion contains 19 numbered paragraphs setting forth undisputed material facts. None of those paragraphs state that Defendant used excessive force or even used any force at all. (Plaintiff's Motion at 1-4). Plaintiff failed to meet his burden of showing that he is entitled to summary judgment on the excessive force claim. *See Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir.2002) ("The moving party carries the burden of showing beyond a reasonable doubt that it is entitled to summary judgment").

**Defendant's Motion for Summary Judgment**

Defendant's statement of undisputed material facts include the following:

Defendant Schum followed Plaintiff inside the doorway and arrested Plaintiff against a couch. Defendant Schum then handcuffed Plaintiff and escorted him to the police vehicle for transport.

(Defendant's Motion for Summary Judgment at 4, Doc. No. 30, filed September 30, 2009). Defendant argues he is entitled to qualified immunity because Plaintiff cannot show that his constitutional rights were violated due to any unlawful force. (Defendant's Motion at 9); *see Graham v. Connor*, 490 U.S. 386, 396 (1989) ("Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."); *Saucier v. Katz*, 533 U.S. 194, 206 (2001) ("[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment.").

When a defendant raises qualified immunity as an affirmative defense on a motion for

summary judgment, "the plaintiff bears the heavy two-part burden of demonstrating that (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established at the time of the alleged conduct." *Reeves v. Churchich*, 484 F.3d 1244, 1250 (10th Cir.2007). If a plaintiff meets this burden, the defendant must then satisfy the usual summary judgment standard of showing that no material facts are in dispute and that he or she is entitled to judgment as a matter of law. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir.2002).

Plaintiff set forth no facts and provided no legal argument regarding Defendant's qualified immunity defense on the excessive force claim. Because Plaintiff did not address, let alone meet, his heavy two-part burden of demonstrating that Defendant violated Plaintiff's constitutional right with respect to force used during the arrest, the Court concludes that Defendant is entitled to qualified immunity on Plaintiff's excessive force claim.

**IT IS SO ORDERED.**

Dated this 29th day of May, 2009.

_____
**MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff:*
Joe M. Romero , Jr.
1905 Lomas Blvd. NW
Albuquerque, NM 87104

Sharon B. Hawk
820 5th Street, NW
Albuquerque , NM 87102

*Attorneys for Defendant:*
Christina L Brennan
James P Sullivan
Brennan & Sullivan, P.A.
128 East DeVargas
Santa Fe , NM 87501